Mr. Chief Justice Shepard
delivered the opinion of the-Court:
The case turns upon the construction to be given to sec. & of the act of March 3d, 1883 (22 Stat. at L. 599, U. S. Comp. Stat. 1901, p. 1059), which reads as follows: “It shall be the duty of the Secretary of the Navy to cause to be appraised in such a manner as may seem best all vessels of the Navy which have been stricken from the Navy Register under the provisions of the act making appropriations for the naval service; *287 for the fiscal year ending June thirtieth, eighteen hundred and eighty-three, and for other purposes, approved August fifth, eighteen hundred and eighty-two. And if the said Secretary shall deem it for the best interest of the United States to sell any such vessel or vessels, he shall, after such appraisal, advertise for sealed proposals for the purchase of the same, for a period not less than three months, in such newspapers as other naval advertisements are published, setting forth the name and location and the appraised value of such vessel, and that the same will be sold, for cash, to the person or persons or corporation or corporations offering the highest price therefor above the appraised valne thereof, and such proposals shall be opened on a day and hour and at a place named in said advertisement, and record thereof shall be made. The Secretary of the Navy shall require to accompany each bid or proposal a deposit in cash of not less than ten per centum of the amount of the offer or proposal, and also a bond with two or more sureties to be-approved by him, conditioned for the payment of the remaining ninety per centum of the amount of such offer or proposal within the time fixed in the advertisement. And in case default is made in the payment of the remaining ninety per cent-um, or any part thereof, the Secretary within the prescribed time thereof shall advertise and resell said vessel under the provisions of this act. And in that event said cash deposit of ten per centum shall be considered as forfeited to the government, and shall be applied, first, to the payment of all costs and expenditures attending the advertisement and resale of said vessel; second, to the payment of the difference, if any, between the first and last sale of said vessel, and the balance, if any, shall be covered into the Treasury: Provided, however, that nothing herein contained shall be construed to prevent a suit upon said bond for breach of any of its conditions. Any vessel sold under the foregoing provisions shall be delivered to the purchaser upon the full payment to the Secretary of the Navy of the amount of such proposal or offer; and the net proceeds of such sale shall be covered into the Treasury. But no vessel of the Navy shall hereafter be sold in any other man *288 ner than, herein provided, or for less than such appraised value, ■unless the President of the United States shall otherwise’ direct in writing.” *- * *
The Relator contends that the only discretion committed to ■the respondent by the statute was completely exercised when ■he decided to offer the condemned vessel for sale, and advertised it therefor; and that upon relator’s compliance with the conditions of sale, namely, making the highest bid for the vessel above the appraised value, and accompanying the same with 'the purchase money, the right to the possession of the vessel ■became vested immediately in him, and it became the plain •duty of the respondent to deliver the same. We are unable to concur in this contention. It is reasonably practicable for Congress to. provide on broad lines only for the control and disposition of vessels belonging to the United States, and wide •discretion in respect of the many details thereof has necessarily been committed to the discretion of the executive department. ‘The statute under consideration does not, in terms, declare that a vessel when offered for sale shall not be withdrawn, but shall be declared sold to the highest bidder, regardless of conditions that may arise after advertisement rendering it important to reconsider the decision to sell, and to retain the vessel for the •uses of the government; nor can we interpret it so to mean. All that .it commands is that the vessel shall be offered for sale in a particular manner, and that “any vessel sold,” shall be -delivered to the purchaser. Congress might have directed the ■sale to be made at public auction to the highest bidder, instead •of through written bids to be opened upon the advertised date. Had this been done, it could not be successfully contended that the sale at such auction would be complete until the acceptance -of the highest bid. It is settled law that an auction sale, whether made by a private owner or by an officer under execution ■of a decree, is not complete until the bid shall have been accepted, and the property struck off and declared sold to the bidder. The seller may decline to accept the bid, and may withdraw the property from sale. Until acceptance of his bid, ■the bidder acquires no title to the property. Blossom v. Mil *289 waukee & C. R. Co. 3 Wall. 196-206, 18 L. ed. 43-46. We perceive no difference between a sale made at public outcry, and one made in the manner prescribed by statute. In each case it is an offer for sale to the highest bidder, and no sale is made until the bid is accepted. Here, notwithstanding the relator’s bid was the highest, and its acceptance might have been advisable, the representative of the government charged with the conduct of the sale decided not to accept it, and therefore no sale was actually made. In view of this conclusion, other questions that have been argued need not be considered.
There was no error in dismissing the petition, and the judgment will be affirmed, with costs. Affirmed.
A writ of error to the Supreme Court of the United States was allowed on application of the appellant.